

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. 0-3784
                             Re: Construction of Article 16,
                                 House Bill 8, Forty-seventh Legis-
                                 lature, with reference to taxability
                                 of certain oil well services.

        This is in reply to your request for our opinion in
regard to Article 16, House Bill 8, Forty-seventh Legislature,
on the following:

        "1.  A well operator decides to perforate the casing
of a well at a certain level in order to acidize the forma-
tion at that level by forcing the acid through the holes
made by the perforator and on into the formation; and the
operator does have the casing perforated for that purpose.
Is the work of perforating the casing taxable?

        "2.  A well operator has a concern shoot bullets by
means of a gun perforator into the formation of an open
hole at a level below the casing, the purpose being to
break the formation so as to stimulate oil production.
Is that operation taxable?"

        The tax in question is levied by paragraph (b), Sec-
tion 1, of Article 16, House Bill 8, Forty-seventh Legislature,
which reads as follows:

        "Every person in this State engaged in the business
of furnishing any service or performing any duty for others
for a consideration or compensation, with the use of any
device, tools, instruments or equipment, electrical,
mechanical, or otherwise, or by means of any chemical,
electrical, or mechanical process, when such service is
performed in connection with the cementing of the casing
seat of any oil or gas well or the shooting or acidizing
the formations of such wells or the surveying or testing
of the sands or other formations of the earth in any such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

oil or gas wells, shall report on the 20th of each month and pay to the Comptroller, at his office in Austin, Texas, an occupation tax equal to two and two-tenths (2.2) per cent of the gross amount received from said service furnished or duty performed, during the calendar month next preceding. The said report shall be executed under oath on a form prescribed and furnished by the Comptroller."

We have heretofore held that "this is a tax on service furnished or duty performed." (See Attorney General's Opinion No. 0-3627, dated June 27, 1941.) The persons taxed are those persons "furnishing any service or performing any duty . . . when such service is performed in connection with the cementing of the casing seat of any oil or gas well or the shooting or acidizing the formations of such wells or the surveying or testing of the sands or other formations of the earth in any such oil or gas wells."

It is clear that if any person performs any of said operations, towit, "cementing of the casing seat," "shooting," "acidizing," "surveying" or "testing," and collects money therefor, said person has incurred a liability for the tax; and, we believe it is also clear that if a person performs some other operation, which constitutes a service, that is "in connection with" one of said named operations such service is likewise taxable. In other words, an operation does not have to be one of the named operations to be taxable, but it is taxable if it is merely "performed in connection with" one of the named operations. "The courts have given the phrase 'in connection with' a broad interpretation." Kokusai Kisen Kabushiki Kaisha v. Columbia Stevedoring Co., 23 Fed. Supp. 403. We believe that any service that is performed as a necessary step toward the performance of, or in fulfillment of, a particular operation would be considered as being done "in connection with" said particular operation. In the case of J. Ray Arnold Corporation of Olustee v. Richardson, (Sup. Ct. of Fla.) 141 So. 133, the court said:

"In the case now before the court, the work on which plaintiff is shown to have been employed, and permitted or suffered to engage in, was the procurement of a supply of raw material for the operation of defendant's sawmill. That work of that kind is to be construed as work 'in connection with' any mill is fully sustained by the authorities, although such work was not actually done in the mill itself or within the curtilage thereof. . ." (Underscoring ours)

Honorable George H. Sheppard, page 3

Your first question depends on the meaning of the phrase "in connection with." In Attorney General's Opinion No. O-3627, supra, we held that "perforating," as that operation is ordinarily done and understood, does not constitute "shooting;" and we also held in that opinion, and we now hold, that the tax in question does not apply to the ordinary use of a "mechanical perforator," but that it would apply if a "mechanical perforator" was used "in connection with" one of the taxable operations. Under what was said in that opinion, we believe the same rule would apply to "gun perforators." We understand that ordinarily perforating the casing is not done in connection with a taxable operation, but is done only for the purpose of making holes in the casing so that the oil already there will flow into the well; but, sometimes perforating is done in connection with a taxable operation. (See "Petroleum Production," by Wilbur F. Cloud, 1937, page 388; "Elements of the Petroleum Industry," edited by E. De Golyer, 1940, page 229; "Use of Correct Well Completion Method," by George Weber, Oil & Gas Journal (March 17, 1938); and "Drilling Practices in K.M.A. Field," by D. H. Stotmont, Oil & Gas Journal (January 5, 1939).) In the case you ask about if the work of perforating the casing was done "in connection with" a taxable operation ~~it constitutes that it is taxable the acidizing~~ the formation of the well is a taxable operation under the specific terms of the statute. In the case you ask about the service of perforating the casing is done as a necessary step toward the performance of acidizing the formation. In fact the operator had the perforating done in order to acidize at that level, and, from what you have advised us, we understand that this particular perforating job was preparatory to acidizing. We think the work of perforating the casing in this case was done "in connection with" acidizing the formation, which is a taxable operation. Therefore, our answer to your first question is that in the particular case you describe and ask about the work of perforating the casing is a taxable service.

We will now consider your second question, which concerns the use of a gun perforator in an open hole. We understand that the gun perforator is lowered into the well to a level below the casing and that bullets are fired into the formation for the purpose of breaking up the sandstone, limestone or other substance and opening passages in the formation so as to stimulate the flow of oil into the well.

As heretofore indicated, we believe that when a mechanical perforator or a gun perforator is used in its ordinary manner, not in connection with a named taxable operation, such a service is not taxable. The ordinary manner of operating a mechanical perforator or a gun perforator is to use it in cutting, punching or shooting holes in a casing so that oil outside the casing at

Honorable George H. Sheppard, page 4

that level can flow through said holes into the well. We are advised that the use of a gun perforator in an openhole is very unusual. In Attorney General's Opinion No. 0-3627, supra, we quoted from "Fundamentals of the Petroleum Industry," by Dorsey Hagar, 1939, at page 235, as follows:

"Shooting accomplishes several purposes, specifically, it
"1. Breaks up the sandstones or limestones, causing channels to form.
"2. Opens passages to fracture zones or to joint planes in which oil may occur.
"3. Forms a larger collecting area.
"4. Creates more seepage space in the hole.
"5. Creates a vacuum that sucks in the oil, starting it through channels into the well."

In that opinion we also quoted from the case of Texas Granite Oil Company v. Williams, 199 Ky. 146, 250 S.W. 818, as follows:

"It is a matter of common knowledge that the shooting of an oil well is done always at a time when the well is at or near completion, or when the oil sand has been reached; the purpose being to loosen the formation to the end that the flow of oil may be increased."

We believe that by the use of a gun perforator in an open hole, whereby bullets are fired into the formation, it serves the purpose of "shooting." Under the terms of the statute "shooting" is a taxable operation. Our answer to your second question is that the firing of bullets into the formation of an open hole at a level below the casing is a taxable service.

We hope that the foregoing has answered your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)    CECIL C. ROTSCH
                    Assistant

APPROVED  AUG 7, 1941

(Signed) GROVER SELLERS
First Assistant Attorney General

CCR:db

APPROVED OPINION COMMITTEE
By B.G. Chairman

O.K. G.R.D.